IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CANYON S. BOYKIN**                                                                                **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 1:16CV25-SA-DAS**

**CITY OF COLUMBUS, MISSISSIPPI**                                  **DEFENDANT**

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT CITY OF COLUMBUS**

Defendant City of Columbus, Mississippi, ("Defendant" or "Columbus"), by and through counsel, files this Answer and Affirmative Defenses to Plaintiff's Complaint.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**ANSWER**

Answering, the first, unnumbered paragraph of the Complaint, Defendant admits that this is an action to recover actual damages. Defendant denies all remaining allegations in the paragraph.

1.

Upon information and belief, Defendant admits the allegations of paragraph 1.

2.

Defendant admits the allegations of paragraph 2.

3.

Defendant admits that this Court has jurisdiction over this lawsuit, but denies any remaining allegations of paragraph 3 of the Complaint, and denies any liability under the cited statutes.

4.

In response to paragraph 4, Defendant admits the first two sentences of paragraph 4. Defendant denies the remaining allegations in the paragraph.

5.

In response to paragraph 5, Defendant admits that a Special Operations Group ("SOG") was formed to patrol certain areas in Columbus. Defendant denies the remaining allegations of paragraph 5.

6.

In response to paragraph 6, Defendant admits that Plaintiff was one officer selected for the SOG unit. Defendant denies the remaining allegations of paragraph 6.

7.

Defendant denies the allegations of paragraph 7 of the Complaint.

8.

Defendant denies the allegations of paragraph 8 of the Complaint.

9.

In response to paragraph 9, Defendant admits that on or about October 16, 2015, SOG Officer Johnny Max Branch and SOG Officer Yolanda Young, along with Plaintiff, were patrolling an area in Columbus and a civilian passenger, plaintiff's fiancé, was in the vehicle with them. Defendant denies the remaining allegations of paragraph 9.

10.

In response to paragraph 10, Defendant admits that Plaintiff and other officers observed a traffic violation (no tag light) on a vehicle driven by a female, with a male passenger whom they later learned to be Ricky Ball, a black person, on the night in question. Defendant denies all

930408

remaining allegations of paragraph 10.

11.

Defendant denies the allegations of paragraph 11 of the Complaint.

12.

In response to paragraph 12, upon information and belief, Defendant admits that officers activated blue lights in order to stop a vehicle in which Ricky Ball was a passenger. Upon information and belief, Defendant further admits that a female driver of the vehicle did not immediately stop but began slowing the vehicle. Upon information and belief, Defendant also admits that the passenger in the vehicle, Ricky Ball, jumped from the vehicle and began to run and that Plaintiff jumped from the police vehicle and gave chase. Defendant denies any remaining allegations in paragraph 12.

13.

Defendant is without sufficient information to admit or deny the allegations of paragraph 13, and for that reason, those allegations are denied.

14.

In response to paragraph 14, upon information and belief, Defendant admits that Plaintiff used a taser on Ricky Ball at some point after giving chase. Upon information and belief, Defendant further admits that Ball fell to the ground after being tased. Defendant is without sufficient information at this time to admit or deny the remaining allegations of paragraph 14 in large part because of the failure of Mr. Boykin to activate his body camera as required by SOP, and for that reason, those allegations are denied.

15.

In response to paragraph 15, Defendant admits that Plaintiff shot Ball at some point

during the incident as Ball was fleeing on foot. Upon information and belief, Defendant further admits that shortly after shots were fired, Officer Branch arrived in the area. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 15, in large part because of the failure of Mr. Boykin to activate his body camera as required by SOP and for that reason, those allegations are denied.

16.

In response to paragraph 16, upon information and belief, Defendant admits that Plaintiff and Officer Branch pursued Ricky Ball after the shots were fired. Upon information and belief, Defendant further admits that Plaintiff and Officer Branch delayed vigorous pursuit to allow other officers to arrive at the scene and assist. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 16, and for that reason, those allegations are denied.

17.

In response to paragraph 17, Defendant admits that Plaintiff was eventually requested to leave the scene and return to the police station. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 17, and for that reason, those allegations are denied.

18.

In response to paragraph 18, upon information and belief, Defendant admits that when Ball was found by other officers, a pistol and a bag of what might be marijuana were found near Mr. Ball. Defendant is without sufficient information to admit or deny the remaining allegations of paragraph 18, and for that reason, those allegations are denied.

19.

Defendant denies the allegations of paragraph 19 of the Complaint.

20.

Defendant denies the allegations of paragraph 20 of the Complaint.

21.

In response to paragraph 21, Defendant admits that after Plaintiff's resignation, the City Council dismissed his employment. The remaining allegations of paragraph 21 are denied.

22.

Defendant denies the allegations of paragraph 22 of the Complaint.

23.

In response to paragraph 23, Defendant admits that Plaintiff was removed from his patrol position in part because of social media postings discovered after they were published in a local newspaper in violation of the City's Social Media Policy, violation of the City's body camera SOP and having an unauthorized ride-along in the SOG unit. Defendant denies the remaining allegations of paragraph 23.

24.

Defendant denies the allegations of paragraph 24 of the Complaint.

25.

Defendant denies the allegations of paragraph 25 of the Complaint.

26.

Defendant denies the allegations of paragraph 26 of the Complaint.

27.

Defendant denies the allegations of paragraph 27 of the Complaint.

28.

Defendant denies the allegations of paragraph 28 of the Complaint.

29.

In response to paragraph 29, Defendant admits that Plaintiff was not provided specific written notice in regard to his dismissal prior to the decision being made. Defendant denies the remaining allegations of paragraph 29.

30.

Defendant denies the allegations of paragraph 30 of the Complaint.

31.

Defendant denies the allegations under the paragraph beginning "**REQUEST FOR RELIEF**". Answering further, Defendant denies that Plaintiff is entitled to the requested relief, and further denies that Plaintiff is entitled to anything whatsoever from Defendant on account of his claims in this lawsuit.

AND NOW, having answered the paragraphs of the Complaint, Defendant states the following additional affirmative defenses.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

The alleged damages to Plaintiff, if any, were not caused by Defendant, but were caused by Plaintiff's own acts or omissions.

### THIRD DEFENSE

Defendant has at all times acted reasonably and in good faith, and within the scope of its authority in its dealings with Plaintiff.

### FOURTH DEFENSE

To the extent Plaintiff has failed to mitigate his damages, his recovery, if any, must be

930408

reduced accordingly.

**FIFTH DEFENSE**

Legitimate grounds support Defendant's acts and omissions that are the basis of Plaintiff's allegations, both as to his constitutional claims, and as to his First Amendment claims, neither of which are properly before the Court.

**SIXTH DEFENSE**

Plaintiff's claims against Defendant are barred by the defenses of waiver and laches.

**SEVENTH DEFENSE**

Plaintiff's claims against Defendant are barred by the defenses of judicial estoppel, equitable estoppel, and collateral estoppel.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, for his failure to exhaust administrative remedies in a timely manner. Particularly, Plaintiff withdrew his appeal to the Civil Service Commission, a body in place to review any employment decisions made by Defendant.

**NINTH DEFENSE**

Any injury or damage suffered by Plaintiff as a result of the events complained of was caused solely by reason of the conduct of Plaintiff, and all actions of Defendant were, in every sense, lawful, proper and reasonable.

**TENTH DEFENSE**

The business judgment rule protects Defendant and bars recovery for some or all of Defendant's conduct and decisions.

**ELEVENTH DEFENSE**

Defendant based decisions concerning Plaintiff's employment on reasonable and

sufficient grounds, thus barring Plaintiff's recovery against Defendant on some or all of his claims.

### TWELFTH DEFENSE

To the extent Plaintiff has attempted to state a claim or cause of action which is covered by the Mississippi Tort Claims Act, which is denied, Plaintiff has failed to undertake necessary prerequisites to filing suit, and this Court therefore lacks jurisdiction to hear such claims. Should Defendant be mistaken, Defendant invokes all defenses available to it under the Mississippi Tort Claims Act.

### THIRTEENTH DEFENSE

Defendant, through its designated officials, acted within the scope of its authority and without bad faith.

### FOURTEENTH DEFENSE

Plaintiff's social media postings that are the basis of his First Amendment claim, or some of them, are not matters of public concern and, therefore, are not protected by the First Amendment.

### FIFTEENTH DEFENSE

Plaintiff is not entitled to injunctive relief as requested.

WHEREFORE, Defendant requests judgment in its favor as follows:

A. That Plaintiff's Complaint be dismissed in its entirety with prejudice, with Plaintiff to take nothing hereby;

B. That Defendant be awarded costs incurred herein;

C. That Defendant be awarded reasonable attorneys' incurred herein to the full extent permitted by law; and

930408

8

D.      That Defendant be awarded any other further relief that the Court deems just and proper.

This the 18th day of March, 2016.

                                            s/<u>Jeffrey J. Turnage (MSB #09447)</u>
                                               Berkley N. Huskison (MSB #9582)
                                               *Attorneys for Defendant City of*
                                               *Columbus, Mississippi*

Of Counsel

Mitchell, McNutt & Sams, P.A.
Attorneys at Law
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316 - phone
(662) 328-8035 - facsimile
bhuskison@mitchellmcnutt.com
jturnage@mitchellmcnutt.com

930408

## CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jim Waide, Esquire
Waide & Associates, P.A.
Post Office Box 1357
Tupelo, MS  38802-1357
*waide@waidelaw.com*

Carson H. Thurman, Esquire
Jeff Reynolds, Esquire
Jeffery P. Reynolds, P.A.
Post Office Box 24597
Jackson, MS 39225
*carson@jprpa.com*
*jeff@jprpa.com*

      This the 18th day of March, 2016.

                                                      s/<u>Jeffrey J. Turnage</u>