**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CANYON S. BOYKIN**                                                                **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 1:16-CV-0025-SA-DAS**

**CITY OF COLUMBUS, MISSISSIPPI**                             **DEFENDANT**

---

**PLAINTIFF'S EXPEDITED MOTION *IN LIMINE*; ALTERNATIVELY, MOTION TO PERMIT WITHDRAWAL OF JIM WAIDE, RON L. WOODRUFF, AND WAIDE & ASSOCIATES, P.A. AS COUNSEL FOR PLAINTIFF CANYON S. BOYKIN**

---

COMES NOW Plaintiff, by and through counsel, and files his Motion *in Limine*; Alternatively, Motion to Permit Withdrawal of Jim Waide, Ron L. Woodruff, and Waide & Associates, P.A. as Counsel for Plaintiff Canyon S. Boykin, and would show the Court the following:

1. On or about June 15, 2014, Canyon Boykin arrested Don Deloach in the parking lot at K-Mart. The charges against Deloach were subsequently dismissed.

2. In October 2014, Deloach retained Jim Waide to pursue a claim against the City of Columbus and Boykin arising out of Deloach's arrest. Jim Waide drafted a complaint and forwarded it to Jeff Turnage, along with correspondence requesting the case be resolved without the filing of suit.

3. The case was resolved without the filing of a lawsuit. Boykin was never personally notified by the City of Columbus of a potential suit. The agreement between the City of Columbus, Deloach, and Waide & Associates, P.A. was never disclosed to Boykin, nor did Boykin ever

personally agree to the resolution of the matter.

4.  In July 2016, Plaintiff's counsel learned in discovery that Jim Waide had previously represented Deloach in a claim against the City of Columbus and Boykin. Jim Waide recalled representing Deloach, but did not recall Boykin's being named in the claim.

5.  Regarding his previous representation of Deloach as irrelevant, Jim Waide asked Jeff Turnage, the attorney for the City of Columbus, to stipulate that the fact that Jim Waide previously represented Deloach was not relevant to the case at bar. Jeff Turnage, on behalf of the City of Columbus, refused to stipulate, citing his reasons in the email attached hereto as Exhibit "A."

6.  A telephone conference was held with the Honorable David Sanders on July 25, 2016. During that conference, Judge Sanders suggested Plaintiff file an expedited Motion in *Limine* so that the trial judge could resolve this manner.

7.  Boykin learned of Jim Waide's previous representation of Deloach for the first time in July 2016. Boykin has informed Jim Waide that he wishes for Jim Waide to continue his representation, and does not consider Jim Waide's previous representation of Deloach to be a conflict.

8.  There is a strong presumption that Boykin is entitled to counsel of his choice. See *Chandler v. Fretag*, 348 U.S. 3, 10 (1954) (holding that denial of representation by attorney of choice could be due process violation even in civil case); *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1313 (5th Cir. 1995) ("Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration."); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 466 F.Supp.2d 364, 370 (D. Me. 2006) (" . . . individual plaintiffs have rights to the counsel of their choice, . . . ."); *Greig v. Macy's Ne., Inc.*, 1

F.Supp.2d 397, 404 (D. N.J. 1998) (" . . . only in extraordinary cases should a client's right to counsel of his or her choice outweigh the need to maintain the highest standards of the profession."); *In re Morey*, 416 B.R. 364, 369 (Bankr. D. Mass. 2009) ("Disqualification of an attorney is a decision that should not be taken lightly, as disqualification by its nature deprives a party of his or her counsel of choice.").

9. The relevancy of the claims made by Deloach is not dependent upon identifying the attorney who represented Deloach.

10. Jim Waide's representation of Deloach was concluded such that there is no conflict of interest in Jim Waide's representing Boykin so long as Boykin agrees to the representation with full knowledge of the facts. See *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995) ("Furthermore, a client may consent to representation despite a possible conflict. Model Rule 1.7, dealing with the disqualification of a single attorney, and Model Rule 1.10, dealing with the imputed disqualification of his firm, provide that disqualification is unnecessary where a client consents after consultation."); *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 89 (5th Cir. 1976) ("A former client may consent to the employment of the attorney by an adverse party even where the former client is involved in the case as a party . . . this might typically occur where the former client realizes that any prior disclosures will not prejudice him in the new case.") (citation omitted). See also, *In Consolidated Threatres, Inc. v. Warner Bros. Circuit Management Corp.*, 216 F.2d 920, 926 (2d Cir. 1954).

11. If Jim Waide's previous representation of Deloach or the nature of the claim were disclosed to a jury, Boykin would be highly prejudiced.

12. Jim Waide's former representation of Deloach is not relevant and should be excluded.

13. Alternatively, if such evidence is not excluded, notwithstanding the hardship on

Boykin in seeking to obtain other counsel, Jim Waide, Ron W. Woodruff, and Waide & Associates, P.A. should be permitted to withdraw as counsel for Boykin.

      14.      Because of the straightforward nature of this motion, Plaintiff requests to be relieved of submitting a supporting memorandum.

This the 9th day of August, 2016.

                                         Respectfully submitted,

                                         WAIDE & ASSOCIATES, P.A.

                                         BY: */s/ Jim Waide*
                                                JIM WAIDE
                                                MS BAR NUMBER 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
E-MAIL: waide@waidelaw.com


JEFFERY P. REYNOLDS, ESQ.
CARSON H. THURMAN, ESQ.
JEFFERY P. REYNOLDS, P.A.
POST OFFICE BOX 24597
JACKSON, MS  39225
TELEPHONE:  (601) 355-7773
FACSIMILE:  (601) 355-6364
EMAIL:  jeff@jprpa.com
          carson@jprpa.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

       This will hereby certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

Berkley N. Huskison, Esq.
Bhuskison@mitchellmcnutt.com
fhankins@mitchellmcnutt.com

Jeffery P. Reynolds, Esq.
jeff@jprpa.com
lucy@jprpa.com

Carson H. Thurman, Esq.
carson@jprpa.com
lucy@jprpa.com
jeff@jprpa.com

Jeffrey J. Turnage, Esq.
jturnage@mitchellmcnutt.com
mbrauer@mitchellmcnutt.com

       DATED, this the 9th day of August, 2016.

                                               ***/s/ JIM WAIDE***
                                               JIM WAIDE