**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | |
|---|---|
| **CANYON S. BOYKIN** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 1:16CV25-SA-DAS** |
| **CITY OF COLUMBUS, MISSISSIPPI** | **DEFENDANT** |

**RESPONSE OF CITY
OF COLUMBUS TO EXPEDITED MOTION IN *LIMINE*; ALTERNATIVELY,
MOTION TO PERMIT WITHDRAWAL OF JIM WAIDE, RON L. WOODRUFF,
AND WAIDE & ASSOCIATES, P.A., AS COUNSEL
FOR PLAINTIFF CANYON BOYKIN**

COMES NOW The City of Columbus, Mississippi ("City") and files this response to the Plaintiff's expedited motion(s) in *limine* [Doc # 32 and 33], and alternative motion to withdraw, and in support thereof would show unto the Court the following:

**INTRODUCTION**

This is a case alleging that the Mayor and City Council of the City of Columbus wrongfully terminated Canyon Boykin from his employment as a police officer with the City. Shortly before his termination, Mr. Boykin shot and killed a black criminal suspect on October 16, 2015. The Mayor and Council voted to terminate after it was discovered that, at the time of the shooting, Mr. Boykin did not have on his body camera, violated the City's social media policy by posting to the world-wide web various inappropriate messages (including one using the "n" word) and had an unauthorized civilian in the patrol vehicle on the night of the shooting. Notably, Mr. Boykin had previously failed to record a 2014 arrest of a black male suspect (Don Deloach) and that failure resulted in a claim being made against Boykin and the City. The instant motion seeks to block the jury from knowing that in 2014 Jim Waide represented Don Deloach and alleged that Canyon Boykin singled Deloach out for arrest because of his race, black. The

956415

City responds to the motion, paragraph by paragraph below, as follows:

1. The City admits that on or about June 15, 2014 the plaintiff, Canyon Boykin, while employed as a City police officer for Columbus, Mississippi, arrested Don Deloach in the parking lot in front of the Kmart store on Highway 45 in Columbus, Mississippi. At that time, Mr. Deloach was alleged to have been sitting in his motor vehicle in the early morning hours waiting to go to work at the Kmart store where he was the manager. At or about that time and place, Boykin and other Columbus police officers approached Mr. Deloach and demanded that he produce identification. Mr. Deloach, believing he had done nothing wrong, asked for an explanation as to why he was being required to produce identification. Ultimately, Boykin arrested Mr. Deloach for failure to obey a police officer. The charges against Mr. Deloach were subsequently dismissed. The Mayor and City Council then suspended Mr. Boykin for three days without pay for violating the City's recorder policy.

2. A few months after the arrest, the City received a letter from Jim Waide on November 4, 2014 with an attached complaint purporting to name as defendants, the City and Canyon Boykin. A true and correct copy of the letter and complaint are attached hereto as composite Exhibit "1". In the complaint, Mr. Waide, on behalf of Don Deloach, alleged that Deloach's questioning the Officers over why they were demanding identification made Officer Boykin mad and that thereafter Boykin grabbed Mr. Deloach, shoved him against his car, handcuffed him and placed him under arrest in violation of his First Amendment rights. Then, according to the complaint, Deloach was then taken to jail where he was strip-searched, including a body cavity search, and had to post a cash bond of $457 to secure his release. In paragraph 10 of the unfiled Complaint, Mr. Waide, on behalf of Mr. Deloach alleged that Mr. Deloach was a victim of racial profiling *"since Defendant Boykin singled Plaintiff out for arrest because he was*

2

956415

*black, because all of the Columbus police officers initially approached plaintiff because of his race, black, and the officers' arbitrary refusal to accept Plaintiff's explanation for his presence (being the manager) at the store."* In the case now before the Court Mr. Waide represents Canyon Boykin who the City terminated after he shot and killed an African American by the name of Ricky Ball. The Council voted to terminate Officer Boykin because he again failed to activate his recording device, posted messages to the worldwide web in violation of the City's social media policy and had his girlfriend in the patrol car on the night of the shooting without the required permission. Even though Mr. Waide represented Mr. Deloach and previously alleged that Boykin singled out Deloach because of his race, black, he now alleges in the instant case that it is well established that Canyon Boykin is **not** a racist. [Doc #1, page 6, footnote 1].

3. The City admits that the Deloach case was resolved without the filing of a lawsuit. In fact, it was resolved without a lawsuit, at least in part, because of Mr. Waide's reputation for producing results for his clients in Civil Rights cases. It was also resolved early because Mr. Boykin was in clear violation of the City's recorder policy and the City had already approved a three day suspension without pay as a result of his failure to activate his recording device when he arrested Mr. Deloach. The resolution of the case included a monetary payment to Mr. Deloach, part of which came from the City's general fund. The City is without information whether Boykin ever knew about the claim or the compromise, although the Chief of Police certainly was aware of it, as a recipient of the letter and the attached complaint. As well, the Mayor and Council were aware of it.

4. The City is without information as to whether Plaintiff's counsel learned in discovery in this case that Jim Waide previously represented Deloach in a claim against the City and Boykin. However, the City does admit that it produced a copy of Mr. Waide's letter and the

3

956415

draft complaint as part of its ESI discovery answers.

5. The City admits that Jim Waide asked Jeff Turnage to stipulate that Mr. Waide's representation of Don Deloach against the City and Boykin were irrelevant. The City admits that it refused to so stipulate. That is because Jim Waide's excellent reputation as a highly effective litigator formed part of the basis for the City's compromise of the claim. As well, Jim Waide's allegations that Boykin singled out Mr. Deloach because of his race were on the mind of the Mayor and Council when they voted to terminate Boykin after he shot and killed Ricky Ball (a black man) and again failed to have on his recording device for the second time within only a few months while effecting an arrest. This time however, a person was shot and thereafter he died. Thus, the failure to activate the recorder was much more significant this time than the last one.

6. The City admits they had a telephonic conference with Magistrate Judge David A. Sanders on July 25 and that his honor suggested that Plaintiff file an expedited motion in *limine*.

7. The City has no knowledge as to when Boykin learned of Jim Waide's previous representation of Don Deloach or whether he wishes for Jim Waide to continue his representation of the plaintiff and therefore the City can neither admit or deny same.

8. The City admits there is a presumption that Boykin is entitled to the Council of his choice. Answering further, the city has not challenged Jim Waide's ability to serve as Boykin's counsel in this case. That issue is solely up to Mr. Boykin and his legal counsel.

9. Boykin alleges that the relevancy of the claims by Deloach (that Boykin singled him out because of his race and failed to turn on his recorder in violation of City policy) are not dependent upon identifying the attorney who represented Deloach. The City disagrees. Officer Boykin's prior failure to activate his recorder in violation of City policy is relevant as to why he was terminated this time. This is because after the Deloach arrest in 2014 he was punished and

4

956415

given three days suspension without pay and instructed in writing of the importance of turning on the recorder. The fact that Mr. Deloach is a black man is also relevant in this case because Mr. Boykin's racist postings to the worldwide web may indicate a racial bias against black people and his prior failure to activate his recorder when arresting a black man provides additional support for such a conclusion. Further, the City submits that the identity of Deloach's legal counsel is relevant. This is because of the fact that Jim Waide and his firm have an excellent reputation and Waide's allegations that Boykin singled Deloach out because of his race and failed to activate his recorder after being asked to turn it on were a factor in why the city compromised with Deloach. More importantly, they were a factor in the City's decision to terminate Boykin in this case. Thus, it appears to past the test for relevancy under FRE Rule 401. Recall that in the case now before the court Mr. Waide takes a position that is on the opposite end of the extreme than he did in the earlier case. Now Jim Waide alleges that "it is well-established that Boykin is not a racist." This is exactly opposite of the allegations made in Exhibit "1" hereto.

10. The City does not contend that Jim Waide has a conflict of interest in representing the plaintiff since his representation of Deloach has concluded.

11. The City admits that Jim Waide's previous representation of Don Deloach and the nature of the claims (that Boykin singled out and arrested Don Deloach because of his race and refused to activate recorder even after being asked to do so) would be prejudicial to the plaintiff in this case. Of course, evidence which is probative of a fact in issue usually is prejudicial to the party against whom it is offered. That is why for example the confession of a criminal suspect is not excluded from evidence even though its admission is highly prejudicial to the defense. *See e.g. Parker v. Randolph*, 442 U.S. 62, 72, 99 S. Ct. 2132, 60 L. Ed. 2d 713 (1979) (plurality opinion) ("[T]he defendant's own confession [is] probably the most probative and damaging

evidence that can be admitted against him." (internal quotation marks omitted).

12. Jim Waide's prior representation of Mr. Deloach in the case against the City and Boykin is relevant in this case because, when the City acted to terminate Mr. Boykin, the City knew that Jim Waide alleged that Boykin acted wrongfully in his arrest of Deloach because of a racial animus against black people.

13. The allegations of paragraph 13 of the motion do not call for a response from the City. Answering further, the City's interest in introducing the facts of the Deloach case, as well as the claims made by Deloach, and who made the claims on his behalf (Mr. Waide) are not for the purposes of disqualifying Mr. Waide, Ron W. Woodruff or Waide & Associates, P.A. However, should they wish to withdraw from the case as a result of their admission, the City would not oppose such.

14. Because of the straightforward nature of this motion, the City requests to be relieved of submitting a supporting memorandum.

This the 15th day of August, 2016.

s/ Jeffrey J. Turnage (MSB #09447)
Berkley N. Huskison (MSB #9582)
*Attorneys for City of Columbus, MS*

6

956415

Of Counsel:

Mitchell, McNutt & Sams, P.A.
Post Office Box 1366
Columbus, Mississippi  39703-1366
(662) 328-2316 - phone; (662) 328-8035 - facsimile
jturnage@mitchellmcnutt.com;
bhuskison@mitchellmcnutt.com

## CERTIFICATE OF SERVICE

     I hereby certify that on August 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Jim Waide, Esquire
> Ron L. Woodruff, Esquire
> Waide & Associates, P.A.
> Post Office Box 1357
> Tupelo, MS  38802-1357
> *waide@waidelaw.com*
> *rlw@waidelaw.com*
>
> Carson H. Thurman, Esquire
> Jeff Reynolds, Esquire
> Jeffery P. Reynolds, P.A.
> Post Office Box 24597
> Jackson, MS 39225
> *carson@jprpa.com*
> *jeff@jprpa.com*

This the 15th day of August, 2016.

                                                             s/<u>Jeffrey J. Turnage</u>

956415