## WAIDE & ASSOCIATES, P.A.
### ATTORNEYS AND COUNSELORS AT LAW

JIM WAIDE
RACHEL PIERCE WAIDE
RON L. WOODRUFF

MAILING ADDRESS:
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802-1357
TELEPHONE: 662.842.7324
FACSIMILE: 662.842.8056
EMAIL: waide@waidelaw.com

STREET ADDRESS:
332 NORTH SPRING STREET
TUPELO, MISSISSIPPI 38804-1357

November 4, 2014

Chief Tony Carleton
Columbus Police Department
1501 Main Street
Columbus, MS 39701

Mr. Robert Smith
Mayor of City of Columbus
523 Main Street
Columbus, MS 39703

    Re:    Don Deloach v. City of Columbus, MS and Canyon Boykin

Dear Chief Carleton and Mayor Smith:

    Please find enclosed a Complaint I have prepared for Don Deloach but not yet filed.

    Would you please forward this Complaint to your insurance carrier, so as to determine whether the liability carrier wishes to settle this matter without the necessity of filing suit? If so, please have the liability carrier's attorney contact me within thirty (30) days from the date of this letter.

    With kindest regards, I am

                                Sincerely,

                                Jim Waide

JDW/pbn
Enclosures
cc:    Don Deloach


EXHIBIT 1

COL-000407

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DON DELOACH                                                                          PLAINTIFF

VS.                                           CIVIL ACTION NO. _____

CITY OF COLUMBUS, MISSISSIPPI
and CANYON BOYKIN,
In His Individual Capacity                                                       DEFENDANTS

JURY TRIAL DEMANDED

## COMPLAINT

This is an action to recover actual and punitive damages for violation of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution. The following facts support the action:

1.

Plaintiff DON DELOACH is an adult resident citizen of 1115 Fifteenth Street South, Columbus, Mississippi 39701.

2.

Defendant CITY OF COLUMBUS, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process through its mayor, Robert E. Smtih, Sr., at 523 Main Street, Columbus, Mississippi 39703.

Defendant CANYON BOYKIN is an adult resident citizen of Mississippi. Defendant Boykin may be served with process at the Columbus Police Department 1501 Main Street, Columbus, Mississippi 39701. Defendant Boykin is sued in his individual capacity.

00272642.WPD

3.

This action is authorized by 42 U.S.C. § 1983.

4.

At all relevant times, Plaintiff, a black person, was employed as a manager of the K-Mart department store located in Columbus, Lowndes County, Mississippi. At all relevant times, Defendant Boykin was a Columbus, Mississippi police officer and acted under color of state law.

5.

On or about June 15, 2014, at approximately 3:35 a.m., Plaintiff was sitting in his vehicle, with his inside light on, looking over paperwork immediately prior to leaving his automobile to open the K-Mart store. Plaintiff looked in his rearview mirror and observed approximately four (4) white policemen pull up behind him in their cars. Plaintiff exited his vehicle to try to see what was going on.

6.

The first officer on the scene, Officer Bill Smith, asked for Plaintiff's driver's license. Plaintiff told Smith that he could not see Plaintiff's driver's license, but if he would wait a few minutes, he would see all of the employees inside of the store and would know that Plaintiff's presence was legitimate. Plaintiff informed Smith that he had not done anything wrong. Further, Plaintiff asked all of the officers to turn on their recorders because he wanted the mayor and the police chief to have an accurate version of what happened. Officer Smith asked Plaintiff if he wanted to be "protected," and Plaintiff responded that he did not have any problem being protected, but he did have a problem with four (4) white police officers approaching him when he had done nothing wrong. Plaintiff told the officers that no call had been made from the store, and the store

was the only business at that location. Plaintiff further told the officers that he was being harassed, and if any wrongdoing has occurred, his security department would have called the police department.

7.

While Plaintiff was having this conversation with Smith, Defendant Boykin interrupted, took over the conversation and told Plaintiff that the officers were in the parking lot because they were getting ready to serve warrants. Plaintiff responded that this had nothing to do with him. Plaintiff's response angered Defendant Boykin, causing Defendant Boykin to grab Plaintiff, shove him against his car, handcuff him and place him under arrest.

8.

The reason for the arrest of Plaintiff was Plaintiff's exercise of his First Amendment rights, by first having explained to the officers that he did not like being accosted by four (4) officers, by telling them that they should wait to see about his employees coming in to the store, with the reciprocating statement being Plaintiff's having told the officers that their presence in the parking lot to serve warrants had nothing to do with him. Additionally, because Plaintiff had done nothing wrong, and was taken to jail for disagreeing with Defendant Boykin, Plaintiff charges he was the victim of an arrest because of his race, black.

9.

Following his arrest, Plaintiff was taken to the Columbus jail and was strip-searched and given a bodily cavity search. He was held in jail for approximately one hour until he posted $457.00 in a cash bond. At Municipal Court, all charges against Plaintiff were dismissed.

00272642.WPD

-3-

10.

The statements which Plaintiff made to the officers were all protected by United States Constitution Amendment One. Plaintiff is a victim of racial profiling, since Defendant Boykin singled Plaintiff out for arrest because he was black, because all of the Columbus police officers initially approached Plaintiff because of his race, black, and the officers' arbitrary refusal to accept Plaintiff's explanation for his presence (being the manager) at the store.

11.

All officers at the scene refused to turn on their recorders so that the conversation could be accurately reported, even though City of Columbus official police policy required them to turn on their recorders, and even though Plaintiff had specifically requested they turn on their recorders. The officers refused to turn on their recorders because they did not want any record of the conversation.

12.

Defendant City is required, under the Mississippi Tort Claims Act, to indemnify Defendant Boykin for any damages that might be awarded against him.

13.

Arresting Plaintiff because he exercised his free speech rights by making a statement to the effect of the officers being there had nothing to do with him, and because he is black, represents outrageous conduct, such that punitive damages should be awarded.

14.

Plaintiff has suffered mental anxiety and stress as a result of Defendants' actions.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury and for reasonable attorneys' fees and costs. Plaintiff also requests the Defendant City of Columbus indemnify Defendant Boykin for any damages awarded against him pursuant to the Mississippi Tort Claims Act.

RESPECTFULLY SUBMITTED, this the _____ day of _____, 2014.

                         DON DELOACH, PLAINTIFF

By: _____
     JIM WAIDE
     MS Bar No. 6857

WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
Telephone: (662) 842-7324
Telecopier: (662) 842-8056
Email: waide@waidelaw.com

ATTORNEYS FOR PLAINTIFF

00272642.WPD             -5-

COL -000412