IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CANYON S. BOYKIN                                                                                           PLAINTIFF

V.                                                               CIVIL ACTION NO.:1:16-CV-0025-SA-DAS

CITY OF COLUMBUS, MISSISSIPPI                                                                DEFENDANT

ORDER

This matter comes before the Court on the Plaintiff Boykin's expedited Motion in Limine [32], and alternatively Motion to Permit Withdrawal of Counsel [33]. The Defendant City of Columbus responded, and the Plaintiff replied.

Discovery revealed that Plaintiff Boykin's attorney, Jim Waide, previously represented another person, Don Deloach, in a suit against Boykin regarding claims with facts that were arguably similar to offenses for which Boykin was terminated. Deloach's claims were settled before Plaintiff Boykin was made aware of their existence by the City, and he was not involved in their resolution.

Plaintiff Boykin seeks to exclude reference to Waide's previous representation of Deloach and his role regarding the previous claims. Waide argues that his prior representation against the Plaintiff is irrelevant, and that, if disclosed to a jury, would be highly prejudicial. Defendant counters that the identity of Deloach's legal counsel is relevant because of Jim Waide's "reputation."

Further, Defendant asserts that Waide's identity is offered to prove that the Defendant fired Boykin, at least in part, based on its understanding of Waide's professional skill. In particular, Defendant argues that Waide's previous allegations factored into the city's decision to compromise with Deloach, and later, the decision to terminate Boykin. Defendant argues that

had it not been for Waide's reputation, the city might not have compromised with Deloach. However, it is not clear how Waide's identity, as the skilled attorney in the previous matter, is relevant to either party's claims.

Under the Federal Rules of Evidence, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. FED. R. EVID. 401. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

The fact that Waide represented Deloach against Boykin does not make it more or less probable that the City of Columbus terminated Boykin in violation of his Constitutional rights, and his identity is therefore irrelevant. Further, such information does not survive a Rule 403 analysis, as its probative value is outweighed by confusion of the issues. Therefore, the Plaintiff's Motion in Limine to exclude Deloach's attorney's identity (Jim Waide) [32], is GRANTED. The Motion to Permit Withdrawal of Counsel [33] is denied as moot.

SO ORDERED, this the 13th day of September, 2016.

                                                ___/s/ Sharion Aycock___
                                     UNITED STATES DISTRICT JUDGE